NO. 07-10-00451-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 3, 2011

_____

CLARENCE CERF, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 55,527-C; HONORABLE PATRICK PIRTLE, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ORDER OF ABATEMENT AND REMAND**

Appellant, Clarence Cerf, filed a notice of appeal from his conviction for assault on a public servant, and sentence of 55 years' incarceration and $5,000 fine. The appellate court clerk received and filed the trial court clerk's record on March 17, 2011. The official court reporter filed the reporter's record with the Clerk of this Court on May 19. Consequently, appellant's brief was due to be filed on or before June 20. Appellant filed a request for extension of time to file the brief on June 22. This motion was granted and the deadline for the brief was extended to July 11. On July 18, this Court sent appellant notice that his brief was past due. In that letter, this Court informed

appellant that, if he failed to file his brief by July 28, the appeal will be abated and the cause remanded to the trial court without further notice. To date, appellant has not filed his brief nor responded to our July 18 correspondence.

Accordingly, we now abate this appeal and remand the cause to the trial court. See TEX. R. APP. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant is indigent and whether appellant desires that counsel be appointed to represent him on the appeal; and (3) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued. If the trial court appoints counsel for appellant or if appellant retains counsel, the court should cause the Clerk of this Court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law, and recommendations and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the supplemental reporter's record; and (5) cause the records of the proceedings to be sent to this Court. See TEX. R. APP. P. 38.8(b)(3). In

the absence of a request for extension of time from the trial court, the supplemental clerk's record, supplemental reporter's record, and any additional proceeding records, including any orders, findings, conclusions, and recommendations, are to be sent so as to be received by the Clerk of this Court not later than August 31, 2011.

Per Curiam

Do not publish.